UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

ABEL OROZCO ORTEGA,                                              Petitioner,

v.                                               Civil Action No. 4:26-cv-229-DJH

SAMUEL OLSON, Field Office Director,
Chicago Field Office, U.S. Immigration and
Customs Enforcement et al.,                                      Respondents.

* * * * *

**<u>MEMORANDUM AND ORDER</u>**

Petitioner Abel Orozco Ortega, a noncitizen resident of Illinois currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending his appeal of a denial of withholding of removal.  He alleges that his detention violates the Immigration and Nationality Act, the Administrative Procedure Act (APA), and the Due Process Clause of the Fifth Amendment.  (Docket No. 1)  The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 3), and they have submitted briefing setting out their respective legal arguments (D.N. 7; D.N. 8).  After careful consideration, the Court will grant in part Orozco Ortega's petition for the reasons explained below.

**I.**

Orozco Ortega is a native and citizen of Mexico.  (D.N. 1, PageID.4 ¶ 13; *see* D.N. 1-1, PageID.35)  He first entered the United States without inspection in 1996 with his wife and son.  (D.N. 1, PageID.5 ¶ 19)  In 2004, Orozco Ortega "returned to Mexico for approximately one month to visit his ailing father."  (*Id.* ¶ 20)  He then "returned to the United States in early February 2004 but was apprehended and removed pursuant to expedited removal."  (*Id.*; *see* D.N. 1-1, PageID.54)  Orozco Ortega nevertheless "entered the United States again shortly afterwards and returned to

1

Illinois, where he has lived ever since" with his family. (D.N. 1, PageID.5 ¶ 20) On January 26, 2025, U.S. Immigration and Customs Enforcement (ICE) authorities detained Orozco Ortega "during an enforcement action" in Chicago, Illinois. (*Id.* ¶ 22) The Department of Homeland Security then reinstated Orozco Ortega's 2004 order of exclusion, which made him subject to removal. (*Id.*; *see* D.N. 1-1, PageID.54) Orozco Ortega "expressed a fear of return to Mexico and had a reasonable fear interview with U.S. Citizenship and Immigration Services," which "issued a negative reasonable fear finding." (D.N. 1, PageID.5–6 ¶ 22; *see* D.N. 1-1, PageID.31–51) On April 11, 2025, an immigration judge vacated that determination after concluding that Orozco Ortega did have a credible fear of returning to Mexico. (D.N. 1, PageID.6 ¶ 22; *see* D.N. 1-1, PageID.26)

Orozco Ortega was subsequently placed in withholding-only proceedings pursuant to 8 C.F.R. § 1208.31(g)(2) (D.N. 1, PageID.6 ¶ 22; *see* D.N. 1-1, PageID.26), which states that "[i]f the immigration judge finds that the alien has a reasonable fear of persecution or torture, the alien may submit an Application for Asylum and for Withholding of Removal." 8 C.F.R. § 1208.31(g)(2). Orozco Ortega accordingly applied for withholding of removal to Mexico and relief under the Convention Against Torture (D.N. 1, PageID.6 ¶ 23; *see* D.N. 1-3, PageID.109–30), which an immigration judge denied on September 17, 2025. (D.N. 1, PageID.6 ¶ 24; *see* D.N. 1-4, PageID.132) On October 15, 2025, Orozco Ortega appealed that decision to the Board of Immigration Appeals (BIA); the appeal remains pending. (*See* D.N. 1, PageID.6 ¶ 24; D.N. 1-4, PageID.132–33) On December 2, 2025, ICE officials "conducted a 180-day Post Order Custody Review" pursuant to regulations applicable to noncitizens detained based on a final order of removal. (D.N. 1, PageID.7 ¶ 26; *see* D.N. 1-5, PageID.137–38) Orozco Ortega states that at the time he filed his habeas petition on April 6, 2026, "ICE still ha[d] not provided [him or] his counsel

2

with a decision regarding release, despite numerous follow-up emails sent by his counsel to ICE inquiring about a decision." (D.N. 1, PageID.7 ¶ 26; *see* D.N. 1-5, PageID.135–36) Orozco Ortega remains detained at the Hopkins County Jail in Madisonville, Kentucky. (D.N. 1, PageID.3 ¶ 6)

Orozco Ortega seeks a writ of habeas corpus against Chicago ICE Field Office Director Samuel Olson, Department of Homeland Security Secretary Markwayne Mullin, Acting U.S. Attorney General Todd Blanche, the Acting Director of ICE, and Hopkins County Jailer Mike Lewis. (*See id.*, PageID.4–5 ¶¶ 14–18) Orozco Ortega alleges that (1) his detention violates due process under the Fifth Amendment on the grounds that it has been unreasonably prolonged under 8 U.S.C. § 1231 and that the federal respondents did not provide a proper custody review; and (2) Respondents violated the Administrative Procedure Act and regulatory procedures by conducting "an untimely 180-day custody review after [Orozco Ortega] had been detained for 11 months" and "fail[ing] to provide a decision for over four months since the custody review took place." (*Id.*, PageID.23 ¶ 69; *see id.*, PageID.22–24 ¶¶ 62–75) Orozco Ortega asks the Court to order his immediate release or a bond hearing. (*See id.*, PageID.24) Respondents argue that (1) Orozco Ortega's detention "is lawful under 8 U.S.C. § 1231 and consistent with due process, including for the length of time [he] has been detained"; (2) he has not established a violation of relevant regulations based on the custody review; and (3) release is not a proper remedy.[1] (D.N. 7, PageID.154; *see id.*, PageID.152–65)

---

[1] Respondents do not contest that the Court has jurisdiction to review Orozco Ortega's petition (*see generally* D.N. 7). *See Lopez v. Olson*, 815 F. Supp. 3d 576, 580 (W.D. Ky. 2025) ("Section 2241 [of title 28] confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality of a noncitizen's detention." (citing *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004))). Nor do Respondents argue whether Orozco Ortega must exhaust administrative remedies. (*See generally* D.N. 7) Therefore, the Court will not address these issues.

## II.

### A.      8 U.S.C. § 1231

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."  8 U.S.C. § 1231(a)(1)(A).  Detention during the removal period is mandatory.  *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing § 1231(a)(2)).  Detention may continue after the 90-day removal period for a "'presumptively reasonable period' of time, which the Supreme Court concluded equaled six months."  *Barnada-Horta v. Raycraft*, No. 1:26-cv-1023, 2026 WL 1265521, at *3 (W.D. Mich. May 8, 2026) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)); *see* 8 U.S.C. § 1231(a)(6).  "After the six-month period, if the noncitizen 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.'"  *Barnada-Horta*, 2026 WL 1265521, at *3 (quoting *Zadvydas*, 533 U.S. at 701).  "[Section] 1231(a) provides the authority for detaining aliens in withholding-only proceedings."  *Martinez v. Larose*, 968 F.3d 555, 557 (6th Cir. 2020); *see Johnson v. Artaega-Martinez*, 596 U.S. 573, 578 (2022) (citation omitted).  Withholding-only proceedings "are 'limited to a determination of whether the alien is eligible for withholding or deferral of removal,' and as such, 'all parties are prohibited from raising or considering any other issues.'"  *Guzman Chavez*, 594 U.S. at 531 (quoting 8 C.F.R. §§ 208.2(c)(3)(i), 1208.2(c)(3)(i)).  Section 1231 likewise "governs the detention of immigrants subject to reinstated orders of removal, 'meaning those aliens are not entitled to a bond hearing while they pursue withholding of removal.'"  *Barnada-Horta*, 2026 WL 1265521, at *3 (quoting *Guzman Chavez*, 594 U.S. at 526); *see* 8 U.S.C. § 1231(a)(5).

4

Here, the immigration judge denied Orozco Ortega's application for withholding of removal on September 17, 2025, approximately eight months after ICE detained Orozco Ortega and reinstated his order of exclusion. (*See* D.N. 1, PageID.5 ¶ 22; *id.*, PageID.6 ¶ 24; D.N. 1-1, PageID.54) Orozco Ortega appealed the immigration judge's decision on October 15, 2025; that appeal remains pending. (*See* D.N. 1-4, PageID.132–33) Although the record does not contain any evidence as to whether Orozco Ortega will soon be removed from the United States (*see generally* D.N. 1; D.N. 7), Orozco Ortega's withholding-only proceedings are ongoing due to his pending appeal before the BIA.

The Sixth Circuit was presented with similar circumstances in *Larose*. There, the petitioner was in withholding-only proceedings and argued that "there [wa]s no significant likelihood of removal in the reasonably foreseeable future because he ha[d] been in detention for roughly two years and his case before the Sixth Circuit, at the time of the briefing in th[at] matter, was still being held in abeyance." *Larose*, 968 F.3d at 565; *see id.* at 557. The Sixth Circuit nevertheless held that the petitioner's removal was "reasonably foreseeable" and observed that if he did "not prevail in his pending actions before [the Sixth Circuit] and the BIA, nothing should impede the government from removing him." *Id.* at 565. The Sixth Circuit further noted that if the petitioner did "prevail before [the Sixth Circuit] or the BIA, he [could] refile his § 2241 petition and argue at that point that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* Thus, under *Larose*, "noncitizens cannot meet their *Zadvydas* burden when an extended" detention following the removal period "stems from the noncitizen's own efforts to challenge an underlying immigration order." *Le v. Goodnough*, No. 26-cv-10563, 2026 WL 879295, at *5 (E.D. Mich. Mar. 31, 2026) (emphasis omitted). Here, Orozco Ortega's detention following the removal period is ongoing due to his appeal before the BIA. And "[w]hile the appeal may take an extended

period of time for resolution, this potentially lengthy process does not render [Orozco Ortega's] removal practically unattainable." *Singh v. Raycraft*, No. 1:26-cv-130, 2026 WL 948367, at *7 (S.D. Ohio Apr. 8, 2026) (citing *Zadvydas*, 533 U.S. at 690; *Larose*, 968 F.3d at 565). Orozco Ortega thus has not "provide[d] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701; *see Larose*, 968 F.3d at 565; *cf. Singh*, 2026 WL 948367, at *7 (denying habeas petition after the removal period where petitioner ordered removed had appealed denial of asylum application, noting that petitioner's "removability will be decided once his appeal is resolved"); *Le*, 2026 WL 879295, at *2, *5 (granting petition where petitioner remained detained for more than six months despite being granted withholding of removal and neither party had appealed the immigration judge's decision). Orozco Ortega may refile his habeas petition and argue that "there is no significant likelihood of removal in the reasonably foreseeable future" if his appeal to the BIA succeeds. *Larose*, 968 F.3d at 565.

**B.    8 C.F.R. § 241.4**

Orozco Ortega alleges that the federal respondents violated due process and failed to follow regulatory requirements under 8 C.F.R. § 241.4(d) because he "had been detained for nearly 11 months" when ICE conducted the 180-day custody review and he has not "been served with a decision regarding his custody status." (D.N. 1, PageID.17 ¶ 51; *see id.*, PageID.23–24 ¶¶ 72–75) Respondents argue that 8 C.F.R. § 241.4 "does not state that [Orozco Ortega] is entitled to a determination on his custody review in any specific period of time" and that even assuming a procedural violation, Orozco Ortega has not demonstrated "substantial prejudice" to establish a due-process violation. (D.N. 7, PageID.159–60; *see id.*, PageID.158–65)

6

"[I]f ICE wishes to continue detaining a noncitizen held under Section 1231(a) beyond the 90-day removal period, then ICE will conduct a 'custody review.'" *Cruz v. Bondi*, No. 25-cv-262-JJM-PAS, 2025 WL 3295485, at *2 (D.R.I. Nov. 26, 2025) (citation omitted).  The custody review allows the government to determine whether noncitizens may be released under supervision pending their removal.  *See id.*  "To be released under terms of supervision, the noncitizen must show that: their immediate removal is not practical or proper; they are not likely to be violent or 'pose a threat to the community following release'; and they do not 'pose a significant risk of flight' or of "violat[ing] the conditions of release."  *Id.* (alteration in original) (citation omitted) (discussing 8 C.F.R. § 241.4(e)).  ICE must "conduct the initial custody review 'prior to the expiration of the removal period' or 'as soon as possible thereafter.'"  *Id.* (citation omitted) (discussing 8 C.F.R. §§ 241.4(h)(1), (k)(1)(i), (k)(2)(iv)).  ICE must then "'provide written notice to the detainee approximately 30 days in advance of the pending records review' so that they may submit information in support of their release."  *Id.* (citation omitted) (discussing 8 C.F.R. § 241.4(h)(2)).  Finally, ICE "must 'forward by regular mail a copy of any notice or decision that is being served' on the noncitizen to the noncitizen's attorney, if they are represented."  *Id.* (citation omitted) (discussing 8 C.F.R. § 241.4(d)(3)).  The decision should "briefly explain[] [the government's] reasoning behind continuing detention or ordering supervised release."  *Id.* (citation omitted) (discussing 8 C.F.R. § 241.4(d)).

"[R]eviewing an alleged due process violation is a two-step inquiry: first, whether there was a defect in the removal proceeding; and second, whether the alien was prejudiced because of it."  *Dominguez-Gonzalez v. Holder*, 381 F. App'x 511, 514 (6th Cir. 2010) (alteration in original) (quoting *Vasha v. Gonzales*, 410 F.3d 863, 872 (6th Cir. 2005)).  To establish prejudice, a noncitizen "must show that the due process violations led to a substantially different outcome from that which

7

would have occurred in the absence of those violations." *Graham v. Mukasey*, 519 F.3d 546, 549–50 (6th Cir. 2008) (citation omitted). Prejudice may also be shown "if a procedural defect has . . . deprived a petitioner of the ability to challenge a determination." *Choy v. Woosley*, No. 4:25-cv-197-DJH, 2026 WL 324601, at *7 (W.D. Ky. Feb. 6, 2026) (citing *Corley v. Hogsten*, No. 0:11-0097-HRW, 2011 WL 3809939, at *3–4 (E.D. Ky. Aug. 25, 2011)).

Here, Orozco Ortega alleges that he has not "been served with a decision regarding his custody status[] in violation of 8 C.F.R. § 241.4(d)" and states that the 180-day custody review did not occur until he had been detained for approximately eleven months. (D.N. 1, PageID.17 ¶ 51) The record does not reflect that the government has issued a decision to Orozco Ortega regarding the December 2, 2025 custody review. (*See id.*, PageID.7 ¶ 26; *see generally* D.N. 7) Therefore, a procedural defect has occurred because the government conducted a belated custody review and has yet to issue a decision. *Dominguez-Gonzalez*, 381 F. App'x at 514; *see* 8 C.F.R. § 241.4(d)(3). But as to the belated custody review, Orozco Ortega has not shown that he "would have been granted relief or protection from removal had the government acted sooner" in conducting the custody review. *Vang v. Gonzales*, 237 F. App'x 24, 31 (6th Cir. 2007). Orozco Ortega states that prior to the interview, he "submitted a written release request[] documenting his extensive community ties and lack of criminal history," and his attorney was present by phone during the interview. (D.N. 1, PageID.7 ¶ 26) Orozco Ortega's petition does not suggest that the delay prevented him from presenting additional information for his claims in the interview. (*See generally id.*) Accordingly, the "delay in scheduling" here was "not a violation of due process." *Vang*, 237 F. App'x at 32; *see id.* at 31–32 (concluding that the government's fourteen-year delay in completing petitioners' asylum-only proceedings did not violate due process where petitioners

did "not identify what evidence, if any, they might have presented in support of their application were they not precluded from doing so by the delay").

But Orozco Ortega has been denied an opportunity to respond to the custody-review determination because no decision has been issued. Orozco Ortega therefore has established prejudice as to that procedural defect. *Cf. Choy*, 2026 WL 324601, at *7 (finding prejudice "[b]ecause no clear reason ha[d] ever been articulated" for revocation of supervised release pursuant to 8 C.F.R. § 241.4). Because 8 C.F.R. § 241.4(d) "has not been followed in all [relevant] respects, some relief is warranted." *Diaz-Ortega v. Lund*, No. 1:19-CV-670-P, 2019 WL 6003485, at *16 (W.D. La. Oct. 15, 2019), *report and recommendation adopted*, 2019 WL 6037220 (W.D. La. Nov. 13, 2019). Accordingly, the Court will order that the federal respondents finish complying with 8 C.F.R. § 241.4 by promptly providing Orozco Ortega with a decision regarding the December 2, 2025 custody review. *See id.* (granting habeas petition "to the extent it [sought] to secure access to the procedural rights contained in 8 C.F.R. § 241.4" and ordering the government "to conduct a second custody review within a prescribed deadline[] and to afford Diaz-Ortega access to any remaining provisions" under 8 C.F.R. § 241.4); *cf. Virani v. Huron*, No. SA-19-CV-00499-ESC, 2020 WL 1333172, at *11–12 (W.D. Tex. Mar. 23, 2020) (observing "a genuine question as to whether the bulk of the procedures [under 8 C.F.R. § 241.4] designed to protect a detainee's due process rights were followed at all" but nevertheless ordering "[s]ubstitute process—as oppose to release—as a remedy"); *Bonitto v. ICE*, 547 F. Supp. 2d 747, 757–58 (S.D. Tex. 2008) (noting "DHS's complete failure to provide the required 180-day review" and ordering the government to afford a custody review within sixty days pursuant to 8 C.F.R. § 241.4).

### C.     Administrative Procedure Act

Orozco Ortega additionally alleges that the federal respondents' "untimely 180-day custody review" and lack of a resulting decision violate the APA.  (D.N. 1, PageID.23 ¶ 69; *see id.*, PageID.22–23 ¶¶ 67–71)  "But to state a claim under the APA, the [p]etitioner must show that there is 'no other adequate remedy in court.'"  *Choy*, 2026 WL 324601, at *6 (quoting *Singh v. Noem*, No. 2:25-cv-00157-SCM, 2026 WL 74558, at *7 (E.D. Ky. Jan. 9, 2026)); *see Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 427 (6th Cir. 2016).  "When a petitioner is subject to detention under immigration statutes, habeas provides an adequate remedy, and thus APA review is not available."  *Choy*, 2026 WL 324601, at *6 (discussing cases).  And as explained above, ordering the federal respondents to promptly provide Orozco Ortega with a decision regarding the 180-day custody review is an adequate remedy.  Therefore, the Court will not consider Orozco Ortega's APA claim.  *Id.*

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     Orozco Ortega's petition for a writ of habeas corpus (D.N. 1) is **GRANTED** in part. Respondents are **DIRECTED** to promptly provide Orozco Ortega with a decision on his December 2, 2025 custody review in accordance with 8 C.F.R. § 241.4.  Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **June 12, 2026**.

(2)     Upon receipt of the notice of compliance, this matter will be **CLOSED**.

June 9, 2026

**David J. Hale, Chief Judge**
**United States District Court**