UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

ABEL OROZCO ORTEGA,                                          Petitioner,

v.                                              Civil Action No. 4:26-cv-229-DJH

SAMUEL OLSON, Field Office Director,
Chicago Field Office, U.S. Immigration and
Customs Enforcement et al.,                                  Respondents.

* * * * *

## MEMORANDUM AND ORDER

Petitioner Abel Orozco Ortega moves to enforce the Court's prior Memorandum and Order requiring Respondents to promptly provide him with a decision regarding his December 2, 2025 custody review. (Docket No. 13; *see* D.N. 11) Following the Court's Memorandum and Order, Respondents filed a "Decision to Continue Detention" issued by U.S. Immigration and Customs Enforcement (ICE). (D.N. 12; *see* D.N. 12-1) Orozco Ortega argues that ICE's decision "contains factual inaccuracies and fails to demonstrate that Respondents considered the criteria outlined in 8 C.F.R. § 241.4(e) or the evidence presented" by Orozco Ortega at his custody review. (D.N. 13, PageID.196) He seeks immediate release. (*See id.*, PageID.204–05) Respondents oppose the motion to enforce. (D.N. 15) After careful consideration, the Court will grant Orozco Ortega's motion for the reasons explained below.

**I.**

In its prior Memorandum and Order, the Court granted in part Orozco Ortega's habeas petition, concluding that he had "been denied an opportunity to respond to the custody-review determination because no decision ha[d] been issued" for more than six months pending resolution of his withholding-only proceedings. (D.N. 11, PageID.190) The Court ordered the federal

1

respondents to comply with 8 C.F.R. § 241.4 by "promptly providing Orozco Ortega with a decision regarding the December 2, 2025 custody review." (*Id.*)  The Decision to Continue Detention issued by ICE stated that Orozco Ortega "will not be released from custody at this time . . . based on a review of [his] file record, personal interview[,] consideration of . . . information [he] submitted to ICE reviewing officials[,] and . . . review of the factors . . . set forth [in] 8 C.F.R. § 241.4(e), (f), and (g)." (D.N. 12-1, PageID.194)  The decision further stated that "[d]ue to [Orozco Ortega's] pending case, ICE is unable to move forward with [his] removal" and that the agency "is unable to conclude that the factors set forth within 8 C.F.R. § 241.4(e) have been satisfied." (*Id.*)

Orozco Ortega argues that the decision "contains several factual inaccuracies"—specifically, that it "uses the wrong name"; "misstates procedural history"; and "does not reference any of the evidence [he] submitted prior to his custody review[] demonstrating his lack of criminal history, ample family and community ties, and other equitable factors." (D.N. 13, PageID.198–99)  Orozco Ortega asserts that ICE failed to provide a "reasoned basis" for its decision, in violation of due process.  (*Id.*, PageID.201 (citation omitted))  He seeks immediate release.  (*Id.*, PageID.204–05)  Respondents argue that Orozco Ortega "has not offered the Court any basis on which to find that [the misstatements] about his prior proceedings would or should impact a decision about his continued custody[] or how he is prejudiced by those recitations" and that ICE's decision properly "states that the factors set forth in 8 C.F.R. § 241.4(e) were reviewed[] and that the considerations it sets forth for review before any recommendation or decision of release were not satisfied."[1]  (D.N. 15, PageID.210–11)

---

[1] Respondents do not contest that the Court has jurisdiction to review the motion to enforce.  (*See generally* D.N. 15)  The Court has jurisdiction in any event to review the motion and consider Orozco Ortega's due-process claims.  *See Fed. Nat'l Mortg. Ass'n v. Chi. Three Holdings*, No. 2:22-cv-11884, 2024 WL 233725, at *2 (E.D. Mich. Jan. 22, 2024) ("[T]his Court always has

## II.

"[I]f ICE wishes to continue detaining a noncitizen held under [8 U.S.C. § ]1231(a) beyond the 90-day removal period" pending withholding-only proceedings as specified under that statute, ICE will conduct a custody review. *Cruz v. Bondi*, No. 25-cv-262-JJM-PAS, 2025 WL 3295485, at *2 (D.R.I. Nov. 26, 2025) (citation omitted). The custody review allows the government to determine whether noncitizens may be released under supervision pending their removal. *See id.* "Under 8 C.F.R. § 241.4, [the government] has authority to release any detainee if [it] determines that 'his . . . release will not pose a danger to the community or to the safety of other persons or to property or a significant risk of flight pending such alien's removal from the United States.'" *D'Alessandro v. Mukasey*, 628 F. Supp. 2d 368, 388 (W.D.N.Y. 2009) (omission in original) (quoting 8 C.F.R. § 241.4(d)(1)). "Before making any recommendation or decision to release a detainee, [immigration officials] must conclude" that

> (1) Travel documents for the alien are not available or, in the opinion of the [government], immediate removal, while proper, is otherwise not practicable or not in the public interest;
> (2) The detainee is presently a non-violent person;
> (3) The detainee is likely to remain nonviolent if released;
> (4) The detainee is not likely to pose a threat to the community following release;
> (5) The detainee is not likely to violate the conditions of release; and
> (6) The detainee does not pose a significant flight risk if released.

8 C.F.R. § 241.4(e)(1)–(6). The regulation provides additional "[f]actors for consideration" that "should be weighed in considering whether to recommend further detention or release of a detainee":

---

jurisdiction to enforce its own orders." (citing *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 504 (6th Cir. 2000))); *cf. Trejo v. Bullock*, No. 3:26-cv-47, 2026 WL 598391, at *2 (E.D. Tenn. Mar. 3, 2026) ("[T]his Court's jurisdiction to review Petitioner's bond hearing is limited to whether it satisfied due process or otherwise suffered some defect that rendered it noncompliant with this Court's Order." (citing *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006))).

(1) The nature and number of disciplinary infractions or incident reports received when incarcerated or while in [ICE] custody;

(2) The detainee's criminal conduct and criminal convictions, including consideration of the nature and severity of the alien's convictions, sentences imposed and time actually served, probation and criminal parole history, evidence of recidivism, and other criminal history;

(3) Any available psychiatric and psychological reports pertaining to the detainee's mental health;

(4) Evidence of rehabilitation including institutional progress relating to participation in work, educational, and vocational programs, where available;

(5) Favorable factors, including ties to the United States such as the number of close relatives residing here lawfully;

(6) Prior immigration violations and history;

(7) The likelihood that the alien is a significant flight risk or may abscond to avoid removal, including history of escapes, failures to appear for immigration or other proceedings, absence without leave from any halfway house or sponsorship program, and other defaults; and

(8) Any other information that is probative of whether the alien is likely to—

    (i) Adjust to life in a community,

    (ii) Engage in future acts of violence,

    (iii) Engage in future criminal activity,

    (iv) Pose a danger to the safety of himself or herself or to other persons or to property, or

    (v) Violate the conditions of his or her release from immigration custody pending removal from the United States.

*Id.* § 241.4(f)(1)–(8).  The procedures in § 241.4 "are not meant merely to 'facilitate internal agency housekeeping, but rather [to] afford important and imperative procedural safeguards to detainees.'" *Jimenez v. Cronen*, 317 F. Supp. 3d 626, 642 (D. Mass. 2018) (quoting *Bonitto v. ICE*, 547 F. Supp. 2d 747, 756 (S.D. Tex. 2008)).  "They protect the fundamental Fifth Amendment right to notice and an opportunity to be heard[] and must be followed." *Id.* (citing *Rombot v. Souza*, 296 F. Supp. 3d 383, 388 (D. Mass. 2017); *D'Alessandro*, 628 F. Supp. 2d at 388–403).

Here, ICE's written decision states that it was "based on a review of [Orozco Ortega's] file record, personal interview[,] and consideration of any information [Orozco Ortega] submitted" during his custody review and "upon review of the factors for consideration set forth [in] 8 C.F.R. § 241.4(e), (f), and (g)." (D.N. 12-1, PageID.194)  The decision further states that "ICE is unable

to conclude that the factors set forth within 8 C.F.R. § 241.4(e) have been satisfied." (*Id.*)  The decision noted that Orozco Ortega's previous removal order was reinstated and concluded that ICE "is unable to move forward with [his] removal . . . at this time." (*Id.*)  But the decision does not discuss the evidence Orozco Ortega submitted, and the only parts of 8 C.F.R. § 241.4 it appears to address are (e)(1) (that immediate removal is "not practicable") and (f)(6) ("[p]rior immigration violations and history").  The only other individualized discussion of Orozco Ortega's case includes erroneous statements about his procedural history—namely, that an asylum officer determined that he established a reasonable fear of returning to Mexico and that an immigration judge "denied [his] application for relief" on April 10, 2024.  (*Id.*)  But as the Court noted in its previous Memorandum and Order, an immigration judge vacated the asylum officer's "negative reasonable fear finding" (D.N. 11, PageID.183 (citing D.N. 1, PageID.6 ¶ 22; D.N. 1-1, PageID.26)), and Orozco Ortega was denied withholding of removal to Mexico on September 17, 2025.  (*Id.* (citing D.N. 1, PageID.6 ¶ 24; D.N. 1-4, PageID.132))  Because ICE's written decision contained almost no discussion of the factors set forth in 8 C.F.R. § 241.4, factual inaccuracies about Orozco Ortega's case, and generic language about the conclusion to continue custody, it "cannot seriously be viewed as 'specific to [Orozco Ortega's] circumstances.'"[2]  *D'Alessandro*, 628 F. Supp. 2d at 394 (citation omitted); *cf. id.* (finding the custody decision inadequate where the decision contained "no reference at all to the particular circumstances of D'Alessandro[], apart from his criminal history," pursuant to § 241.4(f)); *see also M.L. v. Warden of the Mesa Verde ICE Processing Ctr.*, No. 1:26-cv-01049-TLN-CSK, 2026 WL 1256421, at *4 (E.D. Cal. May 7, 2026) ("[A] generic 'discretionary' denial is insufficient where the regulations require an individualized

---

[2] Although Orozco Ortega asserts that ICE's written decision used the wrong name (*see* D.N. 13, PageID.198), the name it used—"Abelardo Ortega Ortega" (D.N. 12-1, PageID.194)—is apparently associated with his A-Number.  (*See, e.g.*, D.N. 1-5, PageID.138)

assessment of danger and flight risk." (discussing 8 C.F.R. § 241.4)).  Orozco Ortega thus did not receive a "meaningful individualized review" to determine whether he may be released pending his removal.  *Bonitto*, 547 F. Supp. 2d at 758; *see D'Alessandro*, 628 F. Supp. 2d at 402.

Respondents argue that ICE's written decision "specifically references" 8 C.F.R. § 241.4(f)(6) ("[p]rior immigration violations and history") and observe that Orozco Ortega "has entered the United States without admission or inspection more than once, going back to 1996." (D.N. 15, PageID.211 (citing D.N. 1, PageID.5 ¶ 19))  But "[a]n agency must defend its actions based on the reasons it gave when it acted."  *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 24 (2020).  Thus, Respondents may not support ICE's written decision with post-hoc explanations.  *See id.*

The lack of meaningful individualized review here also violated due process.  *See Jimenez*, 317 F. Supp. 3d at 655 (explaining that "8 C.F.R. § 241.4 was promulgated in an effort to provide aliens . . . procedural due process" (citation omitted)); *D'Alessandro*, 628 F. Supp. 2d at 394 (explaining that regulations addressing the post-removal-order period "were amended to comply with the Supreme Court's due process requirements in" *Zadvydas v. Davis*, 533 U.S. 678 (2001)). "[W]hen the government violates a regulation intended to protect a fundamental right derived from the Constitution . . . , such as the Fifth Amendment right to notice and an opportunity to be heard, the [C]ourt may order relief."  *Jimenez*, 317 F. Supp. 3d at 655 (citation omitted).  And "[w]here the detention process has already failed to produce a constitutionally adequate custody determination, courts may order immediate release rather than directing yet another [agency review] that risks prolonging unlawful detention."  *Mejia v. Bondi*, No. 26-1592, 2026 WL 752560, at *5 (D.N.J. Mar. 17, 2026) (citing *Rodriguez v. Rokosky*, No. 25-17419 (CPO), 2025 WL 3485628, at *3 (D.N.J. Dec. 3, 2025); *Zumba v. Bondi*, No. 25-14626 (KSH), 2025

6

WL 2753496 (D.N.J. Sep. 26, 2025)).  Here, Orozco Ortega has been detained since January 26, 2025.  (D.N. 1, PageID.5 ¶ 22)  The government held the required 180-day custody review nearly one year later on December 2, 2025.  (*See id.*, PageID.7 ¶ 26; D.N. 1-5, PageID.137–38)  Orozco Ortega did not receive a decision based on that review until June 11, 2026 (D.N. 12-1, PageID.194), and the decision violated his due-process rights for the reasons explained above. Given Orozco Ortega's prolonged detention and ICE's constitutionally inadequate Decision to Continue Detention, the Court will order his immediate release pending resolution of his withholding-only proceedings.  *Mejia*, 2026 WL 752560, at *5; *see D'Alessandro*, 628 F. Supp. 2d at 406 (ordering release); *Jimenez*, 317 F. Supp. 3d at 657–58 (noting government's release of petitioners following a bail hearing and the court's order concluding that the government's failure to follow regulations violated due process).

### III.

For the reasons stated above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    Orozco Ortega's motion to enforce (D.N. 13) is **GRANTED**.  Respondents are **DIRECTED** to immediately release Orozco Ortega pending resolution of his withholding-only proceedings.  Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **July 23, 2026**.

(2)    Upon receipt of the notice of compliance, this matter will be **CLOSED**.

July 21, 2026

David J. Hale, Chief Judge
United States District Court

7